UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKEL LEE PLETT,

          Plaintiff,

   v.

J. TUCKER,

          Defendant.

2:24-cv-2870-DAD-CKD P

ORDER

Plaintiff, a state prisoner, proceeds without counsel and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint (ECF No. 1) is before the court for screening. The complaint fails to state a claim and must be dismissed, but plaintiff is granted leave to amend as set forth below.

I.      **In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to

1

1 the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing

2 fee is paid in full. 28 U.S.C. § 1915(b)(2).

3     **II.    Screening Requirement**

4     The court is required to screen complaints brought by prisoners seeking relief against a

5 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

6 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

9     **III.    Allegations in the Complaint**

10     The events described in the complaint allegedly occurred at CSP-Sacramento. (ECF No. 1

11 at 1.) The sole named defendant is J. Tucker, who is alleged to be a psychologist. (Id. at 2.)

12 Plaintiff has transgender dysphoria and was interviewed on February 5 for the purpose of getting

13 on hormonal therapy. (Id. at 3.) More than 6 months passed following the interview during which

14 time defendant was denying plaintiff medical treatment and medications. (Id.) Plaintiff seeks

15 monetary damages. (Id. at 6.)

16     **IV.    Discussion**

17     The complaint contains insufficient factual allegations to state a claim against defendant

18 Tucker. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

19 of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

20 544, 555 (2007). In order to state a cognizable claim, a complaint must contain factual allegations

21 sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give

22 the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v.

23 Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

24     Plaintiff complains about the alleged denial or delay of medical care, which can violate

25 the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs

26 when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's

27 serious medical needs. Id. "Deliberate indifference" includes a purposeful act or failure to

28 respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th

1    Cir. 2006) citing <u>Estelle</u>, 429 U.S. at 104. Mere delay of medical treatment, "without more, is

2    insufficient to state a claim of deliberate medical indifference." <u>Shapley v. Nev. Bd. of State</u>

3    <u>Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of

4    medical treatment evinces deliberate indifference, the prisoner must show the delay caused

5    "significant harm and that defendants should have known this to be the case." <u>Hallett v. Morgan</u>,

6    296 F.3d 732, 745-46 (9th Cir. 2002).

7       Here, plaintiff's sparse allegations about being denied medical treatment and medication

8    do not survive screening because plaintiff does not allege specific facts that show defendant

9    Tucker acted with deliberate indifference to plaintiff's health or safety. Plaintiff has not alleged

10   any facts that show why defendant Tucker is responsible for the alleged deprivations. Merely

11   alleging that defendant Tucker denied plaintiff medical treatment and medications is insufficient

12   to state an Eighth Amendment deliberate indifference claim.

13   **V.      Leave to Amend**

14      Plaintiff is granted leave to amend. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir.

15   1987). This opportunity to amend is not for the purposes of adding new and unrelated claims. <u>See</u>

16   <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended

17   complaint be complete without reference to any prior pleading. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55,

18   57 (9th Cir. 1967).

19   **VI.     Plain Language Summary for Pro Se Party**

20      The following information is meant to explain this order in plain English. This summary

21   is not intended as legal advice.

22      Your complaint is being dismissed with leave to amend because you have not alleged

23   sufficient facts to state a claim based on the alleged denial or delay of medical care. If you choose

24   to file an amended complaint, include more facts about defendant Tucker's purposeful acts or

25   failure to respond to your medical needs.

26   ////

27   ////

28   ////

**VII.    Conclusion**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 23, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, plet2870.scrn

4